1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

JOHN BRADFORD O'LEARY,

8
                    Petitioner,

9
        v.

10
UNITED STATES OF AMERICA,

11
                    Respondent.

12

CASE NO. C16-5531 BHS
         CR12-5400 BHS

ORDER GRANTING PETITION,
GRANTING PETITIONER'S
MOTION FOR LEAVE TO FILE
EXCESS PAGES, AND DENYING
RESPONDENT'S MOTION TO
STAY

13

14      This matter comes before the Court on John Bradford O'Leary's ("Petitioner")

15 motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1),

16 Petitioner's motion for leave to file excess pages (Dkt. 11), and Respondent United States

17 of America's ("Government") motion to stay (Dkt. 4). The Court has considered the

18 pleadings filed in support of and in opposition to the motion and the remainder of the file

19 and hereby rules as follows:

**I. PROCEDURAL HISTORY**

20      On February 14, 2013, Petitioner pled guilty to one count of possession of a stolen

21 firearm in violation of 18 U.S.C. § 922(j). CR12-5400 BHS, Dkts. 31, 32. As part of the

22

plea agreement, Petitioner conceded that he had at least two prior felonies, including second-degree assault and first-degree burglary. *See id*. Petitioner's base offense level was 24 under the sentencing guidelines because he committed the offense subsequent to sustaining at least two felony crimes of violence. U.S.S.G. § 2K2.1(a)(2). The notes for this section of the guidelines provide that the phrase "crime of violence" has the meaning as set forth in U.S.S.G. § 4B1.2(a), which contains a residual clause. On May 30, 2013, the Court sentenced Petitioner to 60 months imprisonment followed by three years of supervised release. CR12-5400 BHS, Dkts. 43–45.

On June 24, 2016, Petitioner filed the instant motion seeking relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). Dkt. 1. On July 5, 2016, the Government moved to stay pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544. Dkt. 4. On September 2, 2016, the Government responded. Dkt. 8. On October 3, 2016, Petitioner replied, Dkt. 10, and filed a motion for leave to file excess pages, Dkt. 11.[1]

## II. DISCUSSION

Courts in this district, and across the nation, have already addressed the majority of the issues presented by the parties. Therefore, "[t]he Court declines to reinvent the wheel and, instead, will simply adopt opinions that it finds persuasive on the particular issue addressed." *Nedrow v. United States*, C16-5448BHS, 2016 WL 6267805, at *1 (W.D. Wash. Oct. 26, 2016).

---

[1] The Court previously granted the Government's motion for leave to file excess pages, *see* Dkt. 9, and will similarly accept Petitioner's overlength reply brief.

**A.      Motion to Stay**

The Government seeks a stay pending the Supreme Court's expected decision in *Beckles*. Dkt. 4. The Court denies the Government's motion because "this [is] a habeas case challenging an unconstitutional confinement, [and] it is also unclear when or if the Supreme Court will decide *Beckles*." *Knox v. United States*, No. C16-5502BHS, 2016 WL 3906915, at *2 (W.D. Wash. July 19, 2016).

**B.      § 2255**

First, the Government argues that Petitioner waived any right to appeal or collaterally attack his sentence. Dkt. 8 at 9–10. The Court disagrees. Petitioner's sentence violates the law; therefore, his appellate waiver does not apply. *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007); *Gilbert v. United States*, Case No. 15-cv-1855-JCC, 2016 WL 3443898, at *2 (W.D. Wash. June 23, 2016); *Dietrick v. United States*, No. C16-705 MJP, 2016 WL 4399589, at *2 (W.D. Wash. Aug. 18, 2016).

Second, the Government argues that the petition is procedurally barred. Dkt. 8 at 10–15. The Court disagrees and adopts the reasoning of other courts in this district. *See Nedrow*, 2016 WL 6267805 at *2. Petitioner's *Johnson* claim is not procedurally defaulted because he has demonstrated cause and prejudice. *See Gilbert*, 2016 WL 3443898, at *2–3 (finding the cause requirement satisfied in this context because *Johnson* explicitly overruled the holdings in *Sykes v. United States*, 564 U.S. 1 (2011), and *James v. United States*, 550 U.S. 192 (2007), that the ACCA residual clause was constitutional); *Dietrick*, 2016 WL 4399589, at *3 (same).

1     Third, the Government argues that *Johnson* does not apply retroactively to the

2  sentencing guidelines. Dkt. 8 at 16–24. The Court disagrees, adopts the reasoning of

3  previous decisions in this district, and concludes that *Johnson* is retroactively applicable

4  in this context. *See Nedrow*, 2016 WL 6267805 at *2; *Gilbert*, 2016 WL 3443898 at *3–

5  *6; *Dietrick*, 2016 WL 4399589 at *3. *See also Welch*, 136 S. Ct. 1257; *Reina-Rodriguez*

6  *v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011).

7     Fourth, the Government argues that Petitioner bears the burden of showing that the

8  Court necessarily relied upon the residual clause when it found that his prior offenses

9  were predicate offenses. Dkt. 4 at 25–29. The Court disagrees, adopts the reasoning of

10  previous decisions in this district, and concludes that Petitioner may challenge whether

11  any underlying predicate offenses qualified under the residual clause of the sentencing

12  guidelines. *Dietrick*, 2016 WL 4399589 at *3; *Gibson v. United States*, No. C15-5737

13  BHS, 2016 WL 3349350, at *1 (W.D. Wash. June 15, 2016).

14     Finally, the Government argues that Petitioner's second-degree assault conviction

15  is a crime of violence, Dkt. 8 at 30–33, but concedes that Petitioner's burglary conviction

16  is no longer a predicate crime of violence. Dkt. 8 at 11 n.9. The Government's concession

17  on the latter issue is sufficient cause to grant the petition. The Court will address the

18  Government's and Petitioner's arguments regarding the second-degree assault conviction

19  at the resentencing hearing.

20                  **III. ORDER**

21     Therefore, it is hereby **ORDERED** that Petitioner's motion to vacate, set aside or

22  correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **GRANTED**, the Government's

1  motion to stay (Dkt. 4) is **DENIED**, and Petitioner's motion for leave to file excess pages

2  (Dkt. 11) is **GRANTED**. The parties shall work with the Clerk to schedule an

3  expeditious resentencing in the criminal case. The Clerk shall close this case.

4       Dated this 10th day of November, 2016.

5

6

7       BENJAMIN H. SETTLE
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22